**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARLOTTA PREECE,

       Plaintiff,

v.                                                        CV 20-0728 JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

       Defendant.

## MEMORANDUM OPINION AND ORDER

       This case comes before the Court on Carlotta Preece's Motion Reverse and Remand for a Rehearing with Supporting Memorandum. [Doc. 20], fully briefed on May 24, 2021. [*See* Docs. 24 (Response), 25 (Reply), 26 (Notice of Completion of Briefing)]. The parties have consented to have the undersigned Magistrate Judge determine the merits of Preece's Motion and to enter a final judgment in this case as permitted by 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). Having considered Preece's arguments against current law and having reviewed the relevant portions of the administrative record ("*AR*"), [Docs. 19-1 through 19-10],[2] the Court finds that the Appeals Council committed a reversible legal error by failing to consider Preece's supplemental evidence and, therefore, **grants** her Motion and **remands** this case to the Social Security Administration for further proceedings, for the following reasons.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) Dr. Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

[2] The Court cites the *AR*'s internal pagination rather than the document and page numbers that were assigned to it when it was filed with the Clerk of this Court.

## I.      **PROCEDURAL HISTORY**

Preece applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on March 12, 2018. [*AR* at 344, 348]. Preece alleged a disability onset date of August 1, 2004, due to Adjustment Disorder, Chronic Migraine Headache, Irritable Bowel Syndrome with Constipation, Anxiety Disorder, Major Depressive Disorder, Post-Traumatic Stress Disorder, Short Term Memory Issues, Asthma, Impaired Glucose Tolerance, and Chronic Pain. [*See AR* at 180]. Her applications were denied at the initial and reconsideration stages of review, and Preece sought and was granted a *de novo* hearing before an Administrative Law Judge ("ALJ"). [*See AR* at 177-338]. A hearing was held before ALJ Lillian Richter on March 26, 2019. [*AR* at 59 (Transcript)]. Preece was assisted at the hearing by a non-attorney representative, and she was questioned by ALJ Richter as was a Vocational Expert. [*Id.*]. After the hearing, ALJ Richter issued an unfavorable decision, concluding that Preece did not establish a disabling condition or combination thereof through the date of her decision. [*AR* at 49]. The ALJ's decision was entered on July 8, 2019. [*AR* at 50]. Preece's current attorneys entered into the case on October 8, 2019. [*See AR* at 8].

In response to the ALJ's unfavorable decision, Preece obtained additional evidence in the form of a Medical Assessment of Ability to do Work-Related Activities (Mental) from 07/08/2019 to current examination by Mr. Ed Church, LPCC dated 09/18/2019, and she submitted this evidence to the Appeals Council along with reasons she believed the ALJ's decision was unsupported. [*See AR* at 11-13, 20-24]. The evidence was submitted in October 2019, and purports to relate to the relevant time period (July 8, 2019, to current examination). [*See AR* at 11-12, 20]. The form states that Preece has a "marked inability to work an eight hour, 5 days/week schedule" and, among many moderate limitations, she is plagued by the marked inability to carry out detailed

instructions, maintain attention and concentration for extended periods of time, complete a normal workday and workweek without interruption from her symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the workplace, and travel in unfamiliar places or use public transportation. [*AR* at 12-13]. Preece also submitted the same form from Dr. Mike Kim, PsyD as well as listing determinations for Affective Disorders and Anxiety-Related Disorders from July 8, 2019, through the current examination. [*AR* at 20]. These forms added that Preece is markedly limited in the ability to sustain an ordinary routine without supervision, work in coordination with/or proximity to others without being distracted by them, get along with coworkers or peers without distracting them or exhibiting behavioral extremes and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. [*AR* at 21-22].

The Appeals Council found Preece's rationale for reversing the ALJ's decision unpersuasive, and it exhibited her reasoning. [*See AR* at 1, 6]. In contrast, the Appeals Council rejected Ms. Preece's additional evidence from LPCC Church and Dr. Kim, finding that: "[t]he Administrative Law Judge decided your case through July 8, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 8, 2019." [*AR* at 2]. Therefore, the Appeals Council neither exhibited nor considered the evidence. [*See AR* at 6]. The Appeals Council's decision was entered on May 22, 2020. [*AR* at 1].

Preece filed a timely civil action in this Court on July 21, 2020. [Doc. 1]. In forma pauperis status was granted, the Commissioner was served and answered the complaint, and the parties consented to proceed before the undersigned United States Magistrate Judge. [Docs. 4, 5, 7, 8, 15].

The administrative record was filed, and the parties briefed the issues as ordered. [Docs. 19 (*AR*), 20 (Motion), 24 (Response), 25 (Reply), 26 (Notice of Completion of Briefing)]. The case is now ripe for judicial review. This Court has jurisdiction to review the Appeals Council's decision to disregard Preece's additional evidence and the Commissioner's Final Decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

## II.   THE COMMISSIONER'S FINAL DECISION

ALJ Richter's decision is the "final decision" of the Commissioner for the purposes of this appeal. The additional evidence Preece submitted must be evaluated in light of this decision and its treatment of prior evidence.

A claimant seeking disability insurance benefits must establish that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(l)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]

---

[3] As summarized by the Tenth Circuit in *Allman v. Colvin,* 813 F.3d 1326, 1333 n. 1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulations.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

At step one of the sequential evaluative process ALJ Richter found that Preece meets the insured status requirements of the Social Security Act and that she has not engaged in substantial gainful activity since August 1, 2004, her alleged onset date. [*AR* at 36]. At step two, the ALJ found that Preece has the following severe impairments: spondylosis, chronic knee pain, insomnia, asthma, headache, degenerative disc disease (thoracic spine), impingement syndrome (right shoulder), fibromyalgia, obesity, anxiety, major depressive disorder ("MDD"), adjustment disorder with mixed anxiety and depressed mood, and posttraumatic stress disorder ("PTSD"). [*AR* at 37]. At step three, the ALJ determined that Preece does not have an impairment or combination thereof that meets or medically equals the severity of a listed impairment under the Act. [*AR* at 38-41].

Before proceeding to steps four and five the ALJ considered Preece's residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is a multidimensional description of the work-related abilities she retains notwithstanding her impairments. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case ALJ Richter found Preece to have the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally climb ramps and stairs and balance and can never climb ladders, ropes or scaffolds. She should avoid exposure to unprotected heights, hazardous machinery, dust, odors, fumes, pulmonary irritants, extreme heat, and extreme cold. The claimant cannot perform work outside. She can perform simple, routine work. The claimant can have occasional interaction with supervisors, coworkers, and members of the public. She can perform work in a workplace with few changes in the routine work setting. The claimant cannot perform assembly line production work and cannot perform work in tandem with other employees. She can frequently reach, handle, and finger bilaterally.

[*AR* at 41]. The ALJ reached this finding after considering and rejecting evidence submitted from Mr. Church as Preece's "treating professional" because it was "not persuasive, not supported by the objective medical evidence, and not consistent with the evidence from all medical/non-medical sources." [*AR* at 46]. Moreover, the ALJ found Mr. Church's conclusions to be "at odds with his observations during treatment." [*Id.*].

Employing this RFC at Steps Four and Five, and relying on the Vocational Expert's testimony, ALJ Richter determined that Preece has no past relevant work, but that there are jobs that exist in significant numbers in the national economy that Preece can perform despite her limitations. [*AR* at 48-49]. Accordingly, the ALJ determined that Preece is not disabled as defined in the Social Security Act and denied her applications for disability insurance benefits and supplemental security income. *AR* at 26.

## III.   LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show [the Court] that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

Under the regulations,[4] the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing

---

[4] The applicable regulations were amended effective January 17, 2017, with compliance required by May 1, 2017.

decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). This review is subject to, and affected by, whether additional evidence is submitted after the ALJ's decision.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, as the Tenth Circuit has explained, the regulations draw a distinction between "new and material evidence" - which the Appeals Council *must* "consider" alongside the rest of the evidence in the file - and evidence which is rejected because it does not qualify for consideration. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (unpublished) (citing *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011)). As the court said in *Padilla*,

> The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration … then the question on appeal is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question on appeal is whether the ALJ's decision was supported by substantial evidence in light of the new evidence.

*Id.* n. 1. As opposed to substantial evidence, "[w]hether evidence qualifies for consideration is a question of law subject to *de novo* review." *Id.* at 712 (citing *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir. 2003)). This Court has addressed very similar arguments in *Maestas v. Kijakazi*, 2021 WL 3488257, at *3 (D.N.M. Aug. 9, 2021), and *Valencia v. Saul*, 2020 WL 7230114, at *1 (D.N.M. Dec. 8, 2020), and it is guided by the reasoning of those cases. *See Herrera v. Kijakazi*, 2021 WL 3929065, at *2 (D.N.M. Sept. 2, 2021) ("Elementary black letter law (stare decisis) requires this Court to follow its prior rationale in the absence of [a] compelling reason to revisit

that reasoning.") (footnote omitted), *report and recommendation adopted*, 2021 WL 4653725 (D.N.M. Oct. 7, 2021).

IV.    **ISSUES TO BE RESOLVED**

  A. Should the Court reverse the Appeals Council's finding that the evidence submitted by Preece after the ALJ's decision was not temporally relevant to the period of her alleged disability, requiring it to assess the evidence against the complete record to determine if it undermined the ALJ's determination of nondisability?

  B. Did the ALJ err by failing to properly weigh the opinions of Dr. DeBernardi or Mr. Church?

V.    **ANALYSIS**

  Having considered the parties' arguments, the Court finds Ms. Preece's position on the additional evidence she submitted to the Appeals Council to be most persuasive considering the record and existing precedent. Accordingly, because she has shown a reversible legal error, I do not reach Ms. Preece's other factual claims, as they might be affected by the Administration's review of this case on remand and in light of the new evidence. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

  **A. The Appeals Council erred as a matter of law when it determined that Ms. Preece's evidence was not temporally related to the period at issue, requiring reversal of its determination that it would have no effect on the ALJ's decision if considered.**

  Under the applicable regulations, the Appeals Council will review a case if, among other things, it receives additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence

would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).[5] As noted, whether evidence qualifies for consideration by the Appeals Council under this standard is a question of law subject to *de novo* review. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). "To reiterate: when never-before-considered evidence is presented to the Appeals Council, the substantial-evidence review standard applies only if the Appeals Council 'considered' the additional evidence as qualifying for review under subsection (a)(5)'s three criteria." *Martinez v. Saul*, 2020 WL 4597024, at *5 (D.N.M. Aug. 11, 2020).

Evidence is chronologically pertinent if it "relates" to the time period on or before the ALJ's decision. *Padilla*, 525 F. App'x at 712. The particular facts of *Padilla* are instructive here. There, the court found the new evidence submitted by the claimant – psychological and audiological evaluations – to meet each prong of the standard for consideration. *See* 525 F. App'x at 712-713. The evidence was new because there was no such evaluation at the time of the decision and the results were not cumulative of existing evidence. *Id.* The evidence was material because it potentially undermined the substantial evidence supporting the ALJ's decision by revealing severe impairments and nonexertional limitations that the ALJ did not address or evaluate, and which could potentially affect the outcome of the case. *Id.* Finally, the evidence was temporally relevant and related to the period before the ALJ's decision because it corroborated previous diagnoses by treating doctors prior to the hearing as well as the claimant's testimony at the hearing about his impairments. *Id.*

As in *Padilla*, the Appeals Council neither accepted nor considered the new evidence in this case, finding specifically that it was not temporally relevant because it summarized Preece's

---

[5] The Appeals Council did not address the other factors that Ms. Preece was required to establish (such as good cause) to obtain review of her additional evidence. [*See AR* at 2]; *see also* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 FR 90987-01; *Martinez v. Saul*, 2020 WL 4597024, at *4 (D.N.M. Aug. 11, 2020). The Court, therefore, does not address them.

impairments from the date of the decision through Mr. Church and Dr. Kim's evaluations. [*AR* at 2]. It is unclear why the Appeals Council found that the evidence submitted by Mr. Church and Dr. Kim was not temporally relevant given that it needed only *relate* to the period at issue, not be cumulative, and have the potential to undermine the ALJ's decision. Clearly, the evidence submitted relates to Preece's conditions addressed in the ALJ's decision – the ALJ rejected Mr. Church's opinion and the new evidence contradicts the ALJ's assessment. Therefore, there can be little question that the evidence is temporally relevant as a matter of law. Driving home this point is the fact that the Commissioner does not defend the Appeals Council's determination of temporal irrelevance, arguing only that the new evidence was extreme, unsupported, and would not have affected the Commissioner's decision had it been considered. [Doc. 24, p. 12 ("[E]ven if the Appeals Council had found this additional evidence temporally relevant, Plaintiff is not correct that "it is probable that a different finding" would have been reached at steps four and five of the sequential evaluation process.")].

The threshold determination is whether the Appeals Council "considered" the new evidence or not. Once this determination is made, and assuming that the Council did not consider the evidence, the Court must consider whether it *should* have, as a matter of law. Here, the Appeals Council did not consider the new evidence. *See Valencia v. Saul*, 2020 WL 7230114, at *5 (D.N.M. Dec. 8, 2020) (addressing analogous facts (the Appeals Council found the subsequent evidence did not relate to the period at issue)). Preece's evidence was material insofar as it addressed her ability to work on an ordinary and sustained basis, temporally relevant for the reasons stated, and could have affected the ALJ's decision had it been considered because it contradicted the ALJ's conclusion that Preece can reasonably be expected to complete a normal work schedule despite

her symptoms. Therefore, the Appeals Council was required to consider the additional evidence submitted by Preece as a matter of law.

The Commissioner's invocation of substantial evidence is therefore inapposite. As noted, substantial evidence is not the test where new and material evidence is submitted. Rather than examine the Commissioner's final decision for substantial evidence, the Court must only determine whether the evidence should have been considered by the Appeals Council. This standard is *de novo*, and no deference is paid to the Administration's decision. *Threet*, 353 F.3d at 1191. As in *Padilla*, "the Appeals Council's dismissal of the additional evidence's import on the grounds that it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all." *Padilla*, 525 F. App'x at 712. Likewise, as in *Padilla*, this case "boils down to whether the Appeals Council should have considered the additional evidence." *Id.* For the foregoing reasons, this Court finds that the Appeals Council should have considered the evidence as a matter of law.

### VI.   <u>CONCLUSION AND ORDER</u>

The Appeals Council's sole reason for disregarding the additional evidence submitted by Preece – that it was temporally irrelevant – is unpersuasive against the backdrop of existing law. Therefore, remand is required for the Appeals Council to consider the evidence in the first instance, or to remand the case to an ALJ for further analysis.

WHEREFORE, for the reasons stated, the Court **grants** Preece's Motion, **reverses** the final determination of the Commissioner through the Appeals Council in this case, and **remands** this matter for further proceedings consistent with this opinion. A final judgment pursuant to Rule 58 will be entered concurrently.

**SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent of the Parties*